## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GALON E. MACK,<br>#B-17405, | ) )<br>) | |
| Plaintiff, | )<br>) | |
| vs. | ) ) | Case No. 15-cv-01271-SMY |
| SHELLA BECKMAN and<br>SHAWNEE CORRECTIONAL CENTER, | )<br>)<br>) | |
| Defendants. | )<br>) | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Galon Mack, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

The complaint, as it currently stands, is confusing and lacks sufficient factual detail to state a claim for relief, even under the liberal notice pleading standard established by Rule 8 of the Federal Rules of Civil Procedure. To state a claim for relief, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose*

1

*Park,* 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). The present complaint is so lacking in details that it is nearly impossible for the Court to understand what allegedly occurred and who is allegedly responsible.

In the caption of the Court-provided complaint form, Plaintiff listed only "Illinois Department of Corrections Shawnee Center." (Doc. 1, p. 1). However, under the section entitled "Defendants," Plaintiff lists Illinois Department of Corrections, Shawnee Correctional Center, Medical Staff, and Shella Beckman. This is the only place Plaintiff refers to any of the named defendants. Plaintiff's statement of claim, in its entirety, reads, "Switching my on pain med's from with I was perscribed. To a placebo with adverse health effects. Resulting in a exterem amount of pain." *Id*. at 5 (errors in original). Plaintiff does not specify who switched his medications, why they were switched, or why he was taking medication. In addition, there is no information regarding when this incident occurred or how long he went without the correct medication. Moreover, Plaintiff fails to request any form of relief. *Id*. at 6. Under the grievance procedure section, Plaintiff states that after writing the warden and receiving no response, he saw her and conveyed his concerns. He notes that after this conversation, the warden arranged for him in to see someone who was able to prescribe the correct medications for his back, neck, and head pain. *Id*. at 4. This would suggest that Plaintiff is seeking monetary damages and not injunctive relief. But again, in order to pursue monetary damages against an individual, a plaintiff must allege that the individual is *personally responsible* for the alleged constitutional violation. Plaintiff has failed to do so.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice

of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Based on the information in the complaint, the Court cannot determine how each individual Defendant was personally involved in the alleged constitutional violations.[1]

For this reason, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed.  However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

**Pending Motions**

**Motion for Leave to Proceed IFP (Doc. 2)**

---

[1] That being said, the Court notes that under no circumstances would Plaintiff be able to maintain a suit for money damages against either the Illinois Department of Corrections or Shawnee Correctional Center, since neither is considered a "person" for purposes of § 1983 litigation. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Plaintiff's motion for leave to proceed IFP (Doc. 2) remains pending and shall be addressed in a separate order.

**Motion for Service of Process at Government Expense (Doc. 3)**

Plaintiff's motion for service of process at government expense (Doc. 3) also remains pending and shall be addressed once the Court has completed its threshold review of Plaintiff's amended complaint.   However, Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server.  If Plaintiff's motion for leave to proceed IFP is granted, the Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

**Motion for Recruitment of Counsel (Doc. 4)**

Plaintiff has filed a motion requesting that the Court recruit counsel to represent him in this matter.  (*See* Doc. 4).  The dismissal of the complaint without prejudice raises the question of whether Plaintiff is even capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647,

654 (7th Cir. 2007)).   If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

According to Plaintiff's motion, he has not made any effort to secure counsel.  The only explanation Plaintiff offers as to why he is unable to represent himself is that his reasoning ability has been diminished as a result of an injection he received for a recent illness.  (Doc. 4, p. 2).  This statement does not provide the Court with a clear enough picture of Plaintiff's capabilities.  For example, it would be helpful for the Court to know what type of medication Plaintiff received and how long the side effects should last.  Plaintiff also indicates that he is a high school graduate.  Although not dispositive, this would suggest that Plaintiff may have the ability to provide the Court with a clear and plain statement of his claims.  At this juncture, the Court is primarily concerned with whether Plaintiff has a colorable § 1983 claim, and if so, whether he is able to articulate that claim to this Court.  Without a bit more information, the Court is unable to make that determination.  For these reasons, Plaintiff's motion for recruitment of counsel (Doc. 4) is **DENIED**, but it is denied without prejudice to Plaintiff filing another motion for recruitment of counsel in the future.  The Court will remain open to assigning counsel as the case progresses.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) and **DEFENDANTS SHELLA BECKMAN** and **SHAWNEE CORRECTIONAL CENTER** are **DISMISSED without prejudice**.

**IT IS FUTHER ORDERED** that Plaintiff's motion for counsel (Doc. 4) is **DENIED without prejudice.** Plaintiff's motion for leave to proceed IFP (Doc. 2) and his motion for service of process at government expense (Doc. 3) remain **PENDING** and shall be addressed by the Court in subsequent orders.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before January 19, 2016). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant that violated federal or constitutional law. Plaintiff

should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ STACI M. YANDLE
**United States District Judge**

7