IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GALON E. MACK, <br> #B-17405, <br> <br> Plaintiff, <br> <br> vs. <br> <br> SHEILA BECKMAN and <br> JOHN/JANE DOES, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01271-SMY <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Galon Mack, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants either purposely withheld or failed to intervene in an ongoing scheme to withhold his pain medications, which resulted in him suffering severe pain for several months.

This matter is now before the Court for a preliminary review of Plaintiff's amended complaint (Doc. 8) pursuant to 28 U.S.C. § 1915A. Plaintiff filed the amended pleading at the direction of the Court after his original complaint was dismissed without prejudice for failure to state a claim. (*See* Doc. 7). Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

## Amended Complaint

In November 2012, prior to being convicted and sentenced to the Illinois Department of Corrections, Plaintiff contracted viral meningitis that left him partially paralyzed on the right side of his face and weakened the right side of his body. (Doc. 8, p. 5). He was hospitalized for nearly a month. *Id*.

When Plaintiff was later incarcerated at Shawnee Correctional Center ("Shawnee"), he was still experiencing severe pain in his neck, back and head. *Id*. In March 2013, Defendant Jane Doe, a nurse, and other medical staff at Shawnee started crushing Plaintiff's pain medication which he took daily. *Id*. Plaintiff began experiencing severe head and neck pain again. On August 14, 2014, Plaintiff notified Defendant Sheila Beckman, Director of Nursing at Shawnee, that his pain medications were being crushed and asked why this was the case. *Id*. Nearly three weeks later, Defendant Beckman responded that none of Plaintiff's medications had been ordered to be crushed. *Id*. Yet they continued to be so. *Id*. Finally, Plaintiff contacted the warden about the situation, which resulted in an investigation. Through the investigation, it was discovered that Plaintiff's pain medications were being confiscated by members of the medical staff and replaced with another substance that had not been prescribed for Plaintiff. In effect, the medical staff was stealing Plaintiff's medications. Plaintiff later learned that as a result of the investigation, nine members of the nursing staff were discharged. *Id*.

## Discussion

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth

Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  See *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).  Moreover, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated."  *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010)).

Here, Plaintiff was previously diagnosed with viral meningitis and had been prescribed pain medications to treat his ongoing pain and discomfort.  Plaintiff's situation certainly qualifies as a "serious" medical condition.  The question, then, is whether the Defendants acted with deliberate indifference.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Arnett*, 658 F.3d 742, 753 (7th Cir. 2011).  See also *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Plaintiff alleges that several members of the Shawnee nursing staff, identified here as John and Jane Doe Defendants, intentionally and willfully participated in a scheme to withhold Plaintiff's pain medication.  The John and Jane Doe Defendants attempted to cover up their

conduct by crushing and then administering a stand-in medication, which did not relieve Plaintiff's pain. These allegations clearly state an actionable Eighth Amendment deliberate indifference claim.

Plaintiff also alleges that he notified Defendant Beckman (Director of Nursing) about the situation, but she failed to take action to adequately address the issue, thereby further prolonging his pain and suffering. These allegations are also sufficient to state an actionable Eighth Amendment deliberate indifference claim. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (holding that "once an official is alerted to an excessive risk to inmate safety or health . . . refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.") (internal quotations and citations omitted). Accordingly, Plaintiff may proceed on his Eighth Amendment deliberate indifference claim against Defendants Beckman and John/Jane Does.

One note, however, regarding identifying the John and Jane Doe defendants: these individuals must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the Magistrate Judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

**Pending Motions**

**Motion for Service of Process at Government Expense (Doc. 3)**

Because Plaintiff has been granted *in forma pauperis* status, his motion for service of process at government expense (Doc. 3) is unnecessary and, therefore, **DENIED AS MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment deliberate indifference claim against Defendants **BECKMAN** and unidentified members of the Shawnee healthcare unit, identified here as **JOHN/JANE DOES**.

The Clerk of Court shall prepare for Defendant **BECKMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **JOHN/JANE DOES** Defendants until such time as Plaintiff has identified these individuals by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2016**

s/ STACI M. YANDLE
**United States District Judge**
